Filed 12/23/13  P. v. Duncan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073688 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F03862) |
| v. | |
| CHARLES DUNCAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Charles Duncan has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

BACKGROUND

On April 14, 2012, Andrew Blanc reported his burgundy, 1991 Honda Accord stolen.

On May 31, 2012, at around 7:00 p.m., Officer Michael Severi saw defendant make an unsafe turn while driving a four-door, "reddish maroon Honda." Officer Severi checked the license plate on the vehicle and learned the license plate belonged to a different vehicle. The officer then followed defendant. Defendant pulled into the driveway of a residence and Officer Severi made contact with him. Officer Severi checked the vehicle's identification number and learned the car had been reported stolen.

Defendant gave Officer Severi a single key, which appeared to be shaved, and the officer attempted to use the key in the driver's side front door. Officer Severi noticed there was damage to the key hole of the ignition but it was not "punched," as is frequently seen in a stolen car. The officer then noted that, although the key started the ignition, he could not use the key to unlock the driver's side door. Officer Severi asked defendant about the shaved key. Defendant said he did not think anything of it because "most Hondas out there have already been stolen."

During this encounter, Amber Grace Kenyon (a codefendant at trial) approached the vehicle from inside the residence. Kenyon told Officer Severi that she bought the car from Wendell Goodman, a man with whom she used to live, for $200 about six weeks earlier. Kenyon said she had no paperwork from the sale and had not yet had time to register the car.

Defendant and Kenyon were later charged with vehicle theft (Veh. Code, § 10851, subd. (a)) and receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)). The People further alleged defendant was twice previously convicted of theft-related offenses (Pen. Code, § 666.5, subd. (a)) and previously served a term in prison (Pen. Code, § 667.5, subd. (b)).

A jury trial began on March 5, 2013. At trial, the People produced evidence that when Mr. Blanc (the vehicle's owner) had possession of the car, it had a single key that not only started the engine but also opened the doors. They also produced evidence that defendant was previously involved in the sale of a stolen car, where the key appeared shaved similarly to the shaved key defendant was using to drive Mr. Blanc's stolen car.

On March 12, 2013, after five hours of deliberations, the jury found defendant guilty of receiving a stolen vehicle and not guilty of vehicle theft. The trial court subsequently found true the allegation that defendant previously served a term in prison and was previously convicted of a theft-related crime. The trial court sentenced defendant to an aggregate term of five years in county jail: the upper term of four years plus one year for defendant's prior conviction. The trial court also ordered defendant to pay various fines and fees, as well as direct victim restitution totaling $3,750, and awarded defendant 170 days of custody credit.

Defendant appeals.

### DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      HULL       , J.

We concur:

      NICHOLSON   , Acting P. J.

      HOCH      , J.